**GENERAL ELECTRIC COMPANY,**
a corporation,

v.

Michael A. LOMBARDI & Ada T. Lombardi, t/a Home Sewing Machine Company.

Civ. No. 10285.

United States District Court
D. Maryland.

May 26, 1959.

842

Robert S. Bourbon, Silver Spring, Md., for plaintiff.

Morton H. Perry, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

The issue in this case is whether or not there was a novation, releasing the defendants Michael A. Lombardi and Ada T. Lombardi. Plaintiff had sold goods on open account to the Lombardis, trading as Home Sewing Machine Company, before April 1, 1957. On or about that date the Lombardis sold their business to Genie Craft Corporation, and on April 2, 1957, Genie Craft sent a letter to plaintiff and other creditors of the Lombardis, stating that it had purchased their business, would assume all their liabilities, and would continue to operate the business as a division of Genie Craft.

Plaintiff did not reply to that letter, but thereafter sold Genie Craft on open account, billing it on one account for the balance due from the Lombardis and for purchases made by Genie Craft itself, and crediting the account generally with all payments and other credits. After April 1, 1957, plaintiff did not make any demand for payment by the Lombardis until this action was filed in January 1958 against both the Lombardis and Genie Craft. Genie Craft was adjudicated bankrupt in February 1958; plaintiff filed a claim in the bankruptcy proceeding for the total balance due, as an open account against Genie Craft, and dismissed this action against that corporation.

A contract between a debtor and a third person by which the latter unconditionally assumes the debtor's duty is not in itself a novation even though the creditor accepts payment from the third person, unless the creditor consents to the substitution. Restatement of the Law, Contracts, sec. 428; Williston on Contracts, Rev.Ed., secs. 1870–1875. Such consent need not be express, however, but may be implied from the facts and circumstances. Swift v. Allan, 211 Md. 588, 128 A.2d 260; MacKenzie Laboratories, Inc. v. Lawrence, D.C.D.Md., 80 F.Supp. 710; Gulf Oil Corporation v. Texas City Refining Co., 4 Cir., 218 F.2d 196; 61 A.L.R.2d 755, et seq.

Michael A. Lombardi became an officer of Genie Craft and Mrs. Lombardi worked as a bookkeeper in Genie Craft's Baltimore office, which was known as the Home Company Division of Genie Craft. Plaintiff's credit supervisor discussed with Mr. Lombardi how Genie Craft would pay for the old account and how new purchases would be billed. No demand was made that the Lombardis pay the old account. I infer these facts from a letter written by the credit supervisor to Mr. Lombardi, since plaintiff did not call the credit supervisor as a witness and counsel for defendants stated without contradiction that Mr. Lombardi had been ill and that his testimony would not assist the court. Plaintiff did not open a new ledger account after April 1, 1957, but entered the purchases for Genie Craft and all credits on the old ledger sheet, which was headed "Lombardi Home Company". Plaintiff thereafter sent out invoices and credit memoranda addressed to "Home Sewing" and other inaccurate names. But new warehouse receipts in the name of Genie Craft were issued for the goods which plaintiff had sold to the Lombardis and shipped to Lawrence Warehouse, to be delivered upon payment to General Electric Credit Corporation.

Under the facts and circumstances set out above, I infer and find as a fact that plaintiff intended to accept the offer of novation, thereby discharging the original debtors from liability.

Let judgment be entered for the defendants.